UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUFTI ABDUL EL MALIK BEY ALI,

Plaintiff,

v.

DAVID LIEBEL, K. CONKLIN,
ISMAEL ALEEM, CROTO, JAQULINE
SCAIFE, WILLIAMS, WOODS, RISCH,
WILLIS, and PULLEY,

Defendants.

CAUSE NO. 3:22-CV-488-RLM-MGG

## OPINION AND ORDER

Mufti Abdul El MALIK Bey Ali,[1] a prisoner without a lawyer, began this case by filing a document titled, "Emergency Motion Requesting Motion for Retaliation Suit Due to Retaliation Already Cautioned for by This Court Emergency Motion of TRO" in the Southern District of Indiana. ECF 1. The case was transferred to this court because it discussed events which occurred in this district. ECF 8. Perhaps because the motion didn't have a cause number on it, the clerk in the Southern District of Indiana opened a new case and docketed that filing as a complaint. Days

---

[1] It is unclear how to properly spell his name. In the caption of the First Amended Complaint, it is spelled without hyphens and only partially capitalized: Mufti Abdul El MALIK Bey Ali. ECF 4 at 1. In the signature block of the amended complaint it is typed and signed with no hyphens and only initial capitals: Mufti Abdul El Malik Bey Ali. *Id.* at 5. In the caption of the declaration it is spelled in all capitals with two hyphens: MUFTI ABDUL EL-MALIK-BEY ALI. *Id.* at 6. In the body of the declaration, the declaration's typed signature block, and the signature on the declaration, it has initial capitals and two hyphens: Mufti Abdul El-Malik-Bey Ali. *Id.* at 6 and 7. In this opinion, the court will spell his name Mufti Abdul El MALIK Bey Ali because that is how it is spelled in the caption of the amended complaint.

later, Mr. Abdul[2] filed a nearly identical[3] document with the same title. ECF 4. The clerk in the Southern District docketed it as an amended complaint. ECF 4. With it, Mr. Abdul filed two motions seeking to enforce allegedly breached settlement agreements in 1:17-cv-1517-JPH-MJD and 1:19-cv-4671-SEB-TAB. One of those motions was captioned to be filed in both cases. The other had no caption. Because they were erroneously filed in this case, they were transferred back to the Southern District for docketing in the intended cases. ECF 11.

Only days later, Mr. Abdul filed two more motions in the Southern District case that were transferred to this court. In the first motion, he says he is trying to enforce a settlement agreement which provided that its enforcement could be brought in the Southern District of Indiana. ECF 12. In the second motion he ask to submit documents for consideration with the two motions this court transferred back to the Southern District. ECF 13-2. He attached the settlement agreement. ECF 13-1.

Based on the filings before the court, it is clear Mr. Abdul wants to enforce his settlement agreement in the Southern District of Indiana. It is clear he intended to file one or more documents in those settled cases. He has never filed a complaint and it doesn't appear he meant to open a new case – certainly not in the Northern District of Indiana. It appears confusion arose because his original filing did not have a case

---

[2] In this opinion, the court will refer to Mufti Abdul El MALIK Bey Ali as Mr. Abdul because that is how he referred to himself in a filing. *See* ECF 5.

[3] The only notable differences are the original did not have a cause number, identifies defendants Willis and Pully only by their names rather than as Directors Willis and Pulley, and it undated. The signatures are so precise a match, the amended complaint could be a copy of the original.

number, didn't clearly state it was attempting to enforce a settlement agreement, and didn't include a copy of the settlement agreement.

This court expresses no opinion as to propriety of how Mr. Abdul is attempting to enforce his alleged breach of the settlement agreement, but because it is clear this lawsuit wasn't what he intended, it will be dismissed without prejudice as inadvertently opened and the filing fee waived so he can litigate the enforcement of his settlement agreement as he chooses. Because his request to supplement the motions which were transferred back to the Southern District belongs with those motions, it will be transferred for filing in those two cases. Though the delay that has resulted is regrettable, given the confusion, it is understandable.

For these reasons, the court:

(1) DISMISSES this case WITHOUT PREJUDICE as inadvertently opened;

(2) WAIVES the filing fee; and

(3) DIRECTS the clerk to transfer ECF 13 to the United States District Court for the Southern District of Indiana so it can be docketed in 1:17-cv-1517-JPH-MJD and 1:19-cv-4671-SEB-TAB.

SO ORDERED on July 5, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

3